IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICKI YOUNG, as Personal Representative )
of the Estate of JAMES NATHAN RHODES )
and PAMELA SUSAN RHODES, his Spouse, )
              )
      Plaintiffs,     )
              )
   v.         )  1:13CV864
              )
3M COMPANY f/k/a MINNESOTA )
MINING AND MANUFACTURING )
COMPANY, et al.,       )
              )
      Defendants.   )

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the court upon Plaintiffs Vicki Young, as Personal Representative of the Estate of James Nathan Rhodes and Pamela Susan Rhodes' Motion for Limited Jurisdictional Discovery Regarding Defendants Master Industries, Inc. ("Master") and Master Industries WorldWide, LLC ("MIW") (Docket Entry 291). For the reasons stated below, the court grants Plaintiffs' motion.

### I. BACKGROUND

Plaintiffs filed this action against several defendants seeking monetary damages for Plaintiff James Nathan Rhodes. (Compl., Docket Entry 1.) Mr. Rhodes contracted asbestos cancer from exposure to asbestos dust while working in the mechanical and industrial employment field. (Third Am. Compl. ¶ 9, Docket Entry 306.) Mr. Rhodes subsequently died as a result of his asbestos caused disease, Mesothelioma. An amended complaint was filed to add a claim for wrongful death, and to substitute and add parties to this action. (First Am.

Compl., Docket Entry 171.) Plaintiffs thereafter filed a second amended complaint to add additional parties including Master and MIW.[1] (Second Am. Complaint, Docket Entry 228.) Master and MIW both filed motions to dismiss (Docket Entries 275, 282.) On February 11, 2016, Plaintiffs filed the pending motion for limited jurisdictional discovery pertaining to Master and MIW. (Docket Entry 291.)[2]

## II. STANDARD OF REVIEW

"On a personal jurisdiction challenge, the plaintiff bears the burden of ultimately proving personal jurisdiction by a preponderance of the evidence." *Pathfinder Software, LLC v. Core Cashless, LLC*, 127 F. Supp. 3d 531, 537 (M.D.N.C. 2015) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)). To determine whether the court has personal jurisdiction over a defendant, "the Court may either postpone the decision and permit discovery, determine the motion on the basis of the pleadings and affidavits, or hold an evidentiary hearing." *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). "The decision of whether to permit jurisdictional discovery is a matter of discretion of the court." *Brady v. XE Servs. LLC*, No. 5:09-CV-449-BO, 2010 WL 2711395, at *1 (E.D.N.C. July 7, 2010) (citing *Base Metal Trading, Ltd. v. Ojsc Novochuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). "When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich*, 121 F.R.D. at 259 (citation

---

[1] Plaintiffs have filed a third amended complaint since this motion was filed. (Third Am. Compl., Docket Entry 306.)

[2] A summarization of the relevant facts is in the discussion section of this order.

2

omitted); *see also Celgard, LLC v. SK Innovation Co.*, No. 3:13-CV-00254-MOC, 2013 WL 7088637, at *6 (W.D.N.C. Nov. 26, 2013) ("Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone."). A plaintiff's request for limited discovery will be considered a fishing expedition when a "claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants." *Rich*, 121 F.R.D. at 259 (citation omitted). However, notwithstanding a threshold prima facie finding of personal jurisdiction, a plaintiff must subsequently "prove the existence of personal jurisdiction by a preponderance of the evidence" at a pretrial evidentiary hearing or at trial. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005) (internal citation omitted).

### III. DISCUSSION

Plaintiffs contend that they have established adequate facts to warrant jurisdictional discovery which will provide the court with a clearer record to ultimately determine whether the court has personal jurisdiction over Master and MIW. (Pls.' Br., Docket Entry 292 at 1.) Master and MIW contend that Plaintiffs only make conclusory and speculative assertions about their connection to North Carolina. (MIW's Resp., Docket Entry 298 at 4; Master's Resp., Docket Entry 297 at 3.)

In their amended complaint, Plaintiffs assert that Mr. Rhodes died from Malignant Mesothelioma on October 20, 2013, as a result of contracting an incurable asbestos cancer. (Third Am. Compl. ¶¶ 2, 7, Docket Entry 306.) Plaintiffs further allege that breathing asbestos dust ultimately caused Mr. Rhodes to contract the cancer. (*Id.* ¶ 7.) Mr. Rhodes' work involved industrial and mechanic trades which exposed him to "asbestos gaskets, boilers, valves, pumps,

3

turbines, talc, steam traps, and other asbestos-containing materials and products, all of which can release vast amounts of asbestos dust into the air when disturbed." (*Id.* ¶ 9.) Additionally, Mr. Rhodes was an avid bowler, from the 1990's to 2013, that regularly used a product of Master and MIW's known as "Master Easy Slide" ("Easy Slide") which is applied to the bottom of bowling shoes. (*Id.* ¶ 10.) Plaintiffs allege that "[t]he Master Easy Slide product was a talc- or powder-based product that also contained substantial amounts of carcinogenic asbestos fibers." (*Id.* ¶ 11.)

Mr. Rhodes was a citizen of South Carolina but he worked in North Carolina. (*Id.* ¶¶ 5-6.) Both Plaintiffs are citizens of South Carolina. (*Id.* ¶ 4.) Master and MIW were both incorporated in Utah. (*Id.* ¶¶ 15 T-U.) Both companies' principal places of business are in California. (*Id.*) Master was incorporated in 1969. (Norman Aff. ¶ 2, Docket Entry 282-1.) On December 27, 2011, Master sold its assets to MIW. (*Id.* ¶ 4.) According to Bill Norman, majority shareholder of Master and former President, MIW and Master are "separate, distinct, and wholly unrelated entit[ies]." (*Id.*) When it existed, Master manufactured and distributed Easy Slide. (*Id.* ¶ 5.) According to David Symes, the "President of Storm Products, Inc. which is the sole member and the manager of [MIW]," MIW manufactures and distributes bowling products and accessories. (Symes Aff. ¶¶ 2, 4, Docket Entry 275-1.) Easy Slide is one of the product lines purchased by MIW. (*Id.* ¶ 4.)

Plaintiffs argue that the affidavit of Robert Paolino, an individual that has an ownership interest and operates a bowling alley frequented by Mr. Rhodes, establishes adequate facts to warrant jurisdictional discovery. (Pls.' Br., Docket Entry 292 at 2.) Mr. Paolino states that he is "in regular contact with various distributors of bowling products and accessories and

4

routinely receive[s] product catalogs." (Paolino Aff. ¶ 3, Docket Entry 279-1.) Mr. Paolino alleges that the catalogs advertised to him contain Easy Slide. (*Id.* ¶ 4.) Mr. Paolino also contends that Easy Slide is regularly marketed to bowling alleys and pro shops throughout North Carolina via interactive websites, catalogs, and sales agents. (*Id.* ¶ 5.) Mr. Paolino further alleges that he has regularly purchased products and accessories including Easy Slide from distributors and catalogs. (*Id.* ¶ 6.) Mr. Paolino sells the products and accessories to customers including Mr. Rhodes. (*Id.* ¶ 7.)

To the contrary, Mr. Norman states that,

> 7.  Master never had any offices, facilities, or employees in North Carolina.
> 8.  Master never owned or leased any real or personal property in North Carolina.
> 9.  Master never had any mailing addresses, telephone listings, or bank accounts in North Carolina.
> 10. Master was never registered to do business in North Carolina.

(Norman Aff. ¶¶ 7-10, Docket Entry 282-1.) Mr. Norman further alleges that Master only sold and shipped its products through third party distributors, not retailers. (*Id.* ¶ 11.) According to Mr. Norman, from approximately 1999 to 2008, Master's website listed a single distributor in North Carolina; but from approximately mid-2008 until the sale of its assets to MIW in 2011, Master did not list a single distributor in North Carolina, nor did it ship Easy Slide to North Carolina. (*Id.* ¶ 12.) Mr. Norman further contends that Master did occasionally advertise its products in certain magazines, but did not advertise or direct any communications or promotions to North Carolina. (*Id.* ¶ 14.) Mr. Norman also alleges that Easy Slide was never offered online. (*Id.* ¶ 16.)

Similarly, Mr. Symes states that MIW sells and ships its products through distributors. (Symes Aff. ¶ 6, Docket Entry 275-1.) Mr. Symes also states that MIW does not have a North

5

Carolina distributor and does not ship its product, including Easy Slide, to North Carolina. (*Id.*) Mr. Symes further states MIW has only sold products directly to one North Carolina customer and the product was shoe rental spray. (Symes Suppl. Aff. ¶ 4, Docket Entry 284-1.) Additionally, Mr. Symes alleges that MIW does not advertise in North Carolina other than through national periodicals and has not "direct[ed] any communication or promotions to North Carolina." (Symes Aff. ¶ 7, Docket Entry 275-1).

The issue is whether the affidavits support Plaintiffs' assertion that jurisdictional discovery will provide facts that establish the court's personal jurisdiction over Masters and MIW. Plaintiffs only claim that the court has specific jurisdiction over Masters and MIW. (Pls.' Br., Docket Entry 292 at 2.) To determine whether the court has specific jurisdiction over a defendant, the court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Epic Tech, LLC v. STHR Grp., LLC*, No. 1:15CV252, 2015 WL 8179513, at *6 (M.D.N.C. Dec. 7, 2015), *report and recommendation adopted*, No. 1:15-CV-252, 2015 WL 9592522 (M.D.N.C. Dec. 31, 2015). The affidavits must show that Plaintiffs' request for jurisdictional discovery is not merely frivolous, but will assist the court in determining whether it has specific jurisdiction. *Rich*, 121 F.R.D. at 259.

With respect to MIW, jurisdictional discovery is warranted. Mr. Paolino states that he routinely purchased Easy Slide through distributors and catalogs. (Paolino Aff. ¶ 6, Docket Entry 279-1.) Mr. Paolino further states that he did not stop purchasing Easy Slide until the

6

early part of 2016. (*Id.* ¶¶ 8-9.)[3] According to Mr. Symes, MIW placed advertisements in national periodicals. (Symes Aff. ¶ 7, Docket Entry 275-1.) Likewise, Mr. Paolino states that he purchased Easy Slide through catalogs. (Paolino Aff. ¶ 6, Docket Entry 279-1.) Therefore, Plaintiffs' claim that this court has personal jurisdiction is not merely "attenuated and based on bare allegations in the face of specific denials made by defendants." *Rich*, 121 F.R.D. at 259 (notwithstanding the defendant's challenge, the court granted jurisdictional discovery over a company that manufactured photo processing equipment and had its wholly owned subsidiary sell the product to the plaintiff).

Concerning Master, jurisdictional discovery is also warranted. Mr. Norman admitted that Master had a distributor in Greensboro, North Carolina. (Norman Suppl. Aff. ¶¶ 3-4, Docket Entry 294-1.) However, similar to MIW, Mr. Norman alleges that Master never shipped Easy Slide to the Greensboro location. (*Id.* ¶ 5.) In addition, Mr. Norman states that Master's products were advertised in certain magazines, but no communications or promotions were directed to North Carolina. (Norman Aff. ¶ 14, Docket Entry 282-1.) Nonetheless, as stated above, Mr. Paolino alleges that he purchased Easy slide through catalogs. (Paolino Aff. ¶ 6, Docket Entry 279-1.) Thus, Plaintiffs' request for jurisdictional discovery does not "appear[] to be clearly frivolous." *Rich*, 121 F.R.D. at 259.

Additionally, it is unclear whether MIW or Master sold Easy Slide to Mr. Paolino through a distributor. Both MIW and Master claim to have never shipped Easy Slide to North

---

[3] The court notes that Mr. Paolino's affidavit was sworn on January 6, 2016. Thus, it is unlikely that his assertion that he stopped purchasing Easy Slide "earlier this year" refers to the early part of 2016. Nonetheless, MIW purchased Master's assets, including Easy Slide, back in 2011. (Norman Aff. ¶ 4, Docket Entry 282-1.) Thus, Mr. Paolino would have still been purchasing Easy Slide from MIW during the early part of 2015.

7

Carolina. Nevertheless, Mr. Paolino states that he regularly placed orders with distributors to purchase Easy Slide. (Paolino Aff. ¶ 6, Docket Entry 279-1.) Moreover, Mr. Paolino states that "Master Easy Slide was routinely marketed to [him] via websites, catalogs, distributors, and sales agents" before and after 2012. (Paolino Suppl. Aff. ¶ 4, Docket Entry 289-2.) This time span covers both MIW and Master's control of Easy Slide. While an analysis regarding whether jurisdictional discovery is proper should be conducted separately for MIW and Master, the fact remains that these companies are associated with one another and both shipped bowling products through distributors. "The jurisdictional facts are disputed here, but should be easily clarified through limited discovery." *Celgard*, 2013 WL 7088637, at *6 (allowing limited jurisdictional discovery to determine if the plaintiff's allegation that the defendant sold materials to a company doing business in North Carolina was sufficient to establish general jurisdiction). Therefore, because there is conflicting evidence regarding who is responsible for allegedly distributing Easy Slide to Mr. Paolino, the court will grant jurisdictional discovery.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Limited Jurisdictional Discovery Regarding Defendants Master Industries, Inc. and Master Industries WorldWide, LLC (Docket Entry 291) is **GRANTED**. In granting jurisdictional discovery, the court will limit discovery to the topic of specific jurisdiction with respect to Master and MIW. Plaintiffs may serve eight (8) interrogatories and (8) requests for production of documents on both Master and MIW related solely to the issue of specific jurisdiction. Unless the parties stipulate otherwise, Plaintiffs shall serve these interrogatories and requests

within seven (7) days from the date of this Order, with responses to be served by Defendants twenty-one (21) days after service from Plaintiffs. Plaintiffs may also take one Rule 30(b)(6) deposition of Master and MIW's designees, with such deposition of each designee to be limited to five (5) hours. Unless the parties stipulate otherwise, this deposition must occur within forty (40) days from the date of this Order.

_____
Joe L. Webster
United States Magistrate Judge

June 2, 2016
Durham, North Carolina

9

Case 1:13-cv-00864-LCB-JLW   Document 324   Filed 06/02/16   Page 9 of 9